IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAR 1 1 2011

J.T. NOBLIN, CLERK
BY_____DEPUTY

ADAMS HOMES, LLC                                                     PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:11cv90LG-RHW

CANAL INDEMNITY COMPANY and                                          DEFENDANTS
STATEWIDE INSURANCE SERVICES

## COMPLAINT

### JURY TRIAL DEMANDED

The Plaintiff, ADAMS HOMES, LLC, by and through its counsel of record, Owen, Galloway & Myers, P.L.L.C., complains of the Defendants, Canal Indemnity Company and Statewide Insurance Services:

### PARTIES

I.

The Plaintiff, Adams Homes, LLC ("Adams Homes"), is an Alabama Limited Liability Company with its principal place of business located at 3000 Gulf Breeze Parkway, Gulf Breeze, Florida 32563 and is qualified to do and is doing business in the state of Mississippi.

II.

The Defendant, Canal Indemnity Company ("Canal"), is a foreign corporation organized under the laws of the state of South Carolina and may be served with process through the South Carolina Insurance Commissioner, 1612 Marion Street, Columbia, South Carolina 29201 or upon Canal's its president or his nominee at 400 E. Stone Avenue, Greenville, South Carolina 29601.

III.

The Defendant, Statewide Insurance Services ("Statewide"), is an entity whose legal formation is unknown at this time but who is doing business of a substantial and significant nature in the State of Mississippi with its principal place of business being Hancock Plaza, 16320 Highway 603, Suite B, Kiln, Mississippi 39556 and may be served with process by service on Lauly Peterson at the above address. Plaintiff will properly amend upon discovering the missing information above.

**JURISDICTION AND VENUE**

IV.

This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1332(a), 2201 and 2202 as this action is between citizens from different states and the amount in controversy, exclusive of interest and costs exceeds the sum and value of $75,000.00. Moreover, this action, in part, seeks declarations of the rights, responsibilities and obligations of the parties hereto pursuant to a contract of insurance.

V.

Venue is proper in the Southern Division of the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(a) and (c), as well as, the Uniform District Court Rules of the Northern and Southern Districts of Mississippi.

**COUNT 1 - CLAIM FOR DECLARATORY RELIEF AGAINST CANAL**

VI.

As part of Count 1, Adams Homes realleges each and every allegation set forth in the preceding paragraphs as though manually copied herein. The preceding paragraphs are made a part of Count 1.

VII.

This action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 is filed for the purpose of determining questions of actual controversy existing between Adams Homes and Canal as will hereinafter more fully appear.

VIII.

Brandon Langlinais and Mary Langlinais filed a Complaint in the Circuit Court of Jackson County, Mississippi in Cause No. 2009-00,068(2) against Adams Homes, LLC a/k/a Adams Homes, LLC – Mississippi and Beckham Earl, III a/k/a Earl Beckham seeking damages as a result of an allegedly improperly constructed and installed attic access/pull down stairs and/or ladder. Adams Homes has complied with all policy provisions and requested a defense and indemnity of the claims made against it pursuant to the policy of insurance issued by the Defendant, Canal.

IX.

Adams Homes and Canal have a real and substantial interest in the determination of the obligations and extent of those obligations under the policy that requires Canal to indemnify Adams Homes under this policy of insurance in connection with the Langlinaises' litigation.

X.

On or about February 29, 2008, Canal, through its agent Statewide, provided a Certificate of Liability Insurance to Beckham Earl and Adams Homes confirming that a Commercial General Liability Insurance Policy (Policy No. GL73307) with liability policy limits for each occurrence of $1,000,000.00 had been issued with an effective date of February 14, 2008. The Certificate of Liability Insurance further confirmed that Adams Homes was a certificate holder and an additional insured under the Commercial General Liability Insurance Policy. Attached hereto as Exhibit "A" is a copy the Certificate of Liability Insurance.

XI.

At all times relevant hereto Statewide was an agent of Canal acting with all actual and apparent authority necessary to issue certificates of liability insurance on behalf of Canal and to bind its principal, Canal.

XII.

Once Adams Homes received notice of the Langlinaises' claim, Adams Homes provided the necessary and appropriate notice to Canal. Thereafter, Canal agreed to

provide Adams Homes with a defense and indemnity. However, Canal now contends that the limit coverage for each occurrence is $300,000.00 as opposed to $1,000,000.00.

XIII.

Adams Homes prays for judgment declaring the following:

a. On February 29, 2008 Canal Indemnity Company issued a Commercial General Liability Insurance Policy, Policy No. GL73307, to Beckham Earl;

b. Adams Homes, LLC is an additional insured under the Commercial General Liability Insurance Policy, Policy No. GL73307;

c. The Commercial General Liability Insurance Policy, Policy No. GL73307, provides for a coverage period of February 14, 2008 through February 14, 2009;

d. The Commercial General Liability Insurance Policy, Policy No. GL73307, provides for liability limits for each occurrence of $1,000,000.00;

e. Canal Indemnity Company under Commercial General Liability Insurance Policy No. GL73307 is obligated to provide a defense to Adams Homes, LLC in the Langlinaises' litigation and to indemnify Adams Homes, LLC in an amount not to exceed $1,000,000.00 in that litigation; and

f. At all times relevant, Statewide was the agent for Canal Indemnity Company acting with both real and apparent authority to issue Certificates of Liability Insurance reflecting that Adams Homes, LLC was

an additional insured under an insurance policy with $1,000,000.00 coverage per occurrence;

g.  Canal is bound by the actions of its agent, Statewide.

## COUNT 2 - CLAIMS AGAINST STATEWIDE

XIV.

As part of Count 2, Adams Homes realleges each and every allegation set forth in Count 1 and the preceding paragraphs to Count 1 as though manually copied herein. The allegations set forth in Count 1 and, the preceding paragraphs to Count 1, are made a part of Count 2.

XV.

Alternatively, Adams Homes alleges that Statewide represented itself to the public as an experienced, knowledgeable and well-qualified insurance agent which was capable and authorized to procure commercial general liability insurance coverage through various insurance companies, including Canal.

XVI.

Adams Homes alleges that Statewide negligently misrepresented to Adams Homes that a Commercial General Liability Insurance Policy with a coverage period of February 14, 2008 through February 14, 2009 with liability policy limits of $1,000,000.00 had been issued to Beckham Earl listing Adams Homes as a named additional insured under the policy.

XVII.

Adams Homes, to its detriment, justifiably and reasonably relied upon the misrepresentations of Statewide, specifically, that it was an additional insured under a Commercial General Liability Insurance Policy with $1,000,000.00 in liability coverage per occurrence. Specifically, and as a proximate cause of the negligent misrepresentations of Statewide, Adams Homes has sustained a loss of $700,000.00 in potential liability insurance coverage and indemnity benefits.

XVIII.

Statewide had a legal duty to procure an appropriate commercial general liability insurance policy with liability limits of $1,000,000.00 naming Adams Homes as an additional insured. Statewide negligently failed to procure such a policy of insurance for and on behalf of Adams Homes and as a proximate result of the actions, inactions, omissions and commissions of Statewide, Adams has sustained damages, including, but not limited to a loss of $700,000.00 in liability insurance coverage and indemnity benefits.

**COUNT 3 – IMPUTED LIABILITY OF CANAL**

XIX.

As part of Count 3, Adams Homes realleges each and every allegation set forth in Counts 1 and 2 and the preceding paragraphs to Count 1 as though manually copied herein. The allegations set forth in Counts 1 and 2, and the preceding paragraphs to Count 1, are made a part of Count 3.

XX.

Alternatively, Statewide was at all times acting as an authorized agent of Canal with all actual and apparent authority needed to issue and bind insurance coverage for and on behalf of Canal. Consequently, the actions, inactions, omissions and commissions of Statewide are imputed to Canal for which Canal may be held liable.

**WHEREFORE, PREMISES CONSIDERED,** Adams Homes, LLC, respectfully requests that this Court grant the following relief of and from the Defendants:

a.  Under Count 1, this Court enter an order adjudicating the rights, duties and obligations of the parties in this matter and enter Declaratory Judgment against Defendant Canal Indemnity Company;

b.  Alternatively, under Counts 2 and 3, this Court grant a judgment against the Defendants, Statewide Insurance Services and Canal Indemnity Company, jointly and severally, for $700,000.00 in indemnity coverage together with all actual damages sustained by the Plaintiff in this matter; and

c.  Reasonable attorney's fees and any and all costs and expenses incurred in this matter.

Respectfully submitted this the 11th day of March, 2011.

ADAMS HOMES, LLC

BY: _____
ROBERT P. MYERS, JR.

ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:    (228) 868-2821
FAX:    (228) 868-2813
Email:  <u>rpm@owen-galloway.com</u>